# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# MIDLAND-ODESSA DIVISION

SCOTTSDALE INDEMNITY COMPANY,

Plaintiff,

v.

ALL WEATHER TRANSPORT, LLC, GILLES C. AMAJOYI, GEORGE L. CARPENTER,

Defendants.

CIVIL ACTION NO. 7:18-cv-38

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW Plaintiff Scottsdale Indemnity Company (hereinafter "Scottsdale"), by and through the undersigned counsel, and pursuant to 28 U.S.C. §2201(a) and Rule 57 of the Federal Rules of Civil Procedure files this Petition for Declaratory Judgment showing the Court as follows:

## PARTIES AND JURISDICTIONAL ALLEGATIONS

1. Scottsdale is an insurance company incorporated and organized under the laws of the State of Ohio, having its principal place of business in the State of Arizona.

2. Upon information and belief, Defendant All Weather Transport, LLC, ("All Weather Transport") is a limited liability company organized under the laws of the State of California, and all of All Weather Transport's members are citizens of the State of California.

3. Upon information and belief, Defendant Gilles C. Amajoyi is an individual resident citizen of the State of California.

4. Upon information and belief, Defendant George L. Carpenter is an individual resident citizen of the State of California.

5. This Court has original jurisdiction over this action because the parties are citizens

of different states and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00. Accordingly, jurisdiction is predicated on diversity of citizenship and the amount in controversy pursuant to 28 U.S.C. § 1332 and on the Federal Declaratory Judgment Act, 28 U.S.C. § 2201.

6. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this claim occurred in this District.

## UNDERLYING CLAIM

7. Upon information and belief, on or about October 12, 2016, Defendant Carpenter was allegedly injured in a auto accident occurring in Midland, Texas, while riding as a co-driver in a tractor owned by Defendant Amajoyi and/or Defendant All Weather Transport ("the Accident"). See Ex. 1, Carpenter Complaint, p. 7.

8. Upon information and belief, Defendant Carpenter was employed as a driver by Defendant All Weather Transport at the time of the Accident. See Ex. 1, p. 7; Ex. 2, Carpenter's Responses to All Weather Transport's Form Interrogatories, p. 3-4; Ex. 3, Carpenter's Responses to All Weather Transport's Special Interrogatories, p. 2-3; Ex. 4, CAR0000171.

9. Upon information and belief, Defendant Carpenter was acting within the course and scope of his employment with All Weather Transport at the time of the Accident. Ex. 2, p. 28; Ex. 3, p. 3.

10. Defendant All Weather Transport was a federally authorized motor carrier at the time of the Accident.

11. Defendant Carpenter has asserted that Defendants All Weather Transport and Amajoyi are liable for his alleged injuries in a civil action styled George Carpenter v. All Weather Transport; Gilles Amajoyi; Does 1-50, in the Superior Court of the State of California, County of

San Bernardino, case no. CIVDS1701512 (the "Underlying Lawsuit"). A copy of Carpenter's complaint is attached hereto as Exhibit 1.

12. Scottsdale is presently providing Defendants All Weather Transport and Amajoyi with a defense in the Underlying Lawsuit under a reservation of rights.

## POLICY PROVISIONS

13. Scottsdale issued Commercial Auto Policy No. LTI0006840 (hereinafter "the Policy") to Defendant All Weather Transport, which was in effect at the time of the Accident. A certified copy of the Policy (with premium information redacted) is attached to this Complaint as Exhibit 5. All provisions of the Policy are adopted and incorporated herein by reference.

14. The Policy was issued by Scottsdale in compliance with the federal financial responsibility requirements set forth in 49 C.F.R. § 387.1 et seq.

15. The Policy contains the following exclusions:

**SECTION II – LIABILITY COVERAGE**

**B. Exclusions**

This insurance does not apply to any of the following:

* * * *

**3. Workers' Compensation**

Any obligation for which the "insured" or the "insured's" insurer may be held liable under any workers' compensation, disability benefits or unemployment compensation law or any similar law.

**4. Employee Indemnification And Employer's Liability**

"Bodily injury" to:

**a.** An "employee" of the "insured" arising out of and in the course of:

**(1)** Employment by the "insured"; or

**(2)** Performing the duties related to the conduct of the "insured's" business; or

**b.** The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph a. above.

This exclusion applies:

**(1)** Whether the "insured" may be liable as an employer or in any other capacity; and

**(2)** To any obligation to share damages with or repay someone else who must pay damages because of the injury.

But this exclusion does not apply to "bodily injury" to domestic "employees" not entitled to worker's compensation benefits or to liability assumed by the "insured" under an "insured contract." For the purposes of the coverage form, a domestic "employee" is a person engaged in household or domestic work performed principally in connection with a residence premises.

**5. Fellow Employee**

"Bodily injury" to:

**a.** Any fellow "employee" of the "insured" arising out of and in the course of the fellow "employee's" employment or while performing duties related to the conduct of your business; or

> **b.** The spouse, child, parent, brother or sister of that fellow "employee" as a consequence of Paragraph a. above.

Ex. 5, p. 52-53.

16. The Policy also contains a Form MCS-90 Endorsement pursuant to which the Policy is amended to assure compliance with Sections 29 and 30 of the Motor Carrier Act of 1980 and the rules and regulations of the Federal Motor Carrier Safety Administration. Ex. 5, p. 87.

17. The Form MCS-90 attached to the Policy states as follows: "Such insurance as is afforded, for public liability, does not apply to injury or death of the insured's employees while engaged in the course of their employment." Ex. 5, p. 87.

## FIRST REQUEST FOR RELIEF – DECLARATORY JUDGMENT AS TO DUTY TO DEFEND

18. Scottsdale incorporates by reference paragraphs 1 through 17 of this Complaint as if set forth fully herein.

19. An actual controversy has arisen between Scottsdale and Defendants.

20. Based upon the foregoing facts and Policy language, Scottsdale contends that it has no duty under the Policy to defend Defendants All Weather Transport and Amajoyi in the Underlying Lawsuit based upon the Workers' Compensation Exclusion, Employee Indemnification and Employer's Liability Exclusion, and/or Fellow Employee Exclusion.

21. Scottsdale further contends that it has no duty to defend Defendants All Weather Transport and Amajoyi in the Underlying Lawsuit under the Form MCS-90 Endorsement in the Policy because the Form MCS-90 Endorsement does not create a duty to defend and, further, because the Form MCS-90 Endorsement does not apply to the injury or death of the insured's employees.

22. Scottsdale believes that there may be other coverage defenses which may be revealed during discovery in this action and, accordingly, incorporates all terms, conditions, exclusions and other provisions in the Policy as defenses to any claims of coverage by Defendants.

23. Thus, there presently exists a justiciable controversy between the parties as to the rights and obligations of Plaintiff Scottsdale and Defendants. Under 28 U.S.C. § 2201(a), the Court may and should declare the rights of the parties with respect to this controversy.

**SECOND REQUEST FOR RELIEF – DECLARATORY JUDGMENT AS TO DUTY TO INDEMNIFY**

24. Scottsdale incorporates by reference paragraphs 1 through 23 of this Complaint as if set forth fully herein.

25. An actual controversy has arisen between Scottsdale and Defendants.

26. Based upon the foregoing facts and Policy language, Scottsdale contends that it has no duty under the Policy to indemnify Defendants All Weather Transport and Amajoyi for the claims arising from the Accident and/or alleged in the Underlying Lawsuit based upon the Workers' Compensation Exclusion, Employee Indemnification and Employer's Liability Exclusion, and/or Fellow Employee Exclusion.

27. Scottsdale believes that there may be other coverage defenses which may be revealed during discovery in this action and, accordingly, incorporates all terms, conditions, exclusions and other provisions in the Policy as defenses to any claims of coverage by Defendants.

28. Thus, there presently exists a justiciable controversy between the parties as to the rights and obligations of Plaintiff Scottsdale and Defendants. Under 28 U.S.C. § 2201(a), the Court may and should declare the rights of the parties with respect to this controversy.

**THIRD REQUEST FOR RELIEF – DECLARATORY JUDGMENT AS TO THE FORM MCS-90 ENDORSEMENT**

29. Scottsdale incorporates by reference paragraphs 1 through 28 of this Complaint as if set forth fully herein.

30. An actual controversy has arisen between Scottsdale and Defendants.

31. Based upon the foregoing facts and Policy language, Scottsdale contends that it has no obligations under the Form MCS-90 Endorsement in the Policy because the Form MCS-90 Endorsement does not apply to the injury of the insured's employees.

32. Thus, there presently exists a justiciable controversy between the parties as to the rights and obligations of Plaintiff Scottsdale and Defendants. Under 28 U.S.C. § 2201(a), the Court may and should declare the rights of the parties with respect to this controversy.

**CLAIM FOR RELIEF**

WHEREFORE, Plaintiff Scottsdale respectfully requests that this Court assume jurisdiction over this cause and enter a declaratory judgment against Defendants as follows:

a. That Plaintiff Scottsdale has no obligation under the Policy to defend Defendants All Weather Transport and/or Amajoyi in the Underlying Lawsuit;

b. That Plaintiff Scottsdale has no obligation under the Policy to indemnify Defendants All Weather Transport and Amajoyi for any claims arising from the Accident and/or asserted by Defendant Carpenter in the Underlying Lawsuit;

c. The Plaintiff Scottsdale has no obligation under the Form MCS-90 Endorsement attached to the Policy for any claims arising from the Accident and/or asserted by Defendant Carpenter in the Underlying Lawsuit; and

d. That this Court grant such further and different relief as may be appropriate to accomplish justice and equity among the parties.

Respectfully submitted,

**MOUNCE, GREEN, MYERS,**
**SAFI, PAXSON & GALATZAN**
A Professional Corporation
P.O. Box 1977
El Paso, Texas 79999-1977
Telephone: (915) 532-2000
Facsimile: (915) 541-1597

By: /s/ Kurt G. Paxson
**Kurt G. Paxson**
State Bar No. 15648300
paxson@mgmsg.com

Attorneys for Plaintiff